Arthur HERNANDEZ ANZURES,
Petitioner—Appellant,

v.

M.L. SMITH, Warden (A), CCI–IVB; T.
Maddock, Director (A), C.D.C.; Bill
Lockyer,* Attorney General of The
State of California, Respondents—Appellees.

No. 99–55937.

D.C. No. CV–97–02742–RSWL–.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2001.

Decided June 13, 2001.

Before D.W. NELSON, FERNANDEZ,
and RYMER, Circuit Judges.

MEMORANDUM **

Petitioner, Arthur Hernandez Anzures, appeals the district court's denial of his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Petitioner's Fifth Amendment rights were not violated by the admission of testimony from Winn and Aragon. Under *Illinois v. Perkins*, 496 U.S. 292, 110 S.Ct. 2394, 110 L.Ed.2d 243 (1990), questioning by an undercover government agent does not constitute a "custodial interrogation." Therefore, the rule in *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), that custodial interrogation must cease once a defendant has invoked his right to counsel does not apply in this case. *See United States v. Stubbs*, 944 F.2d 828, 832 (11th Cir.1991).

The Sixth Amendment issue presents a closer question. Even assuming, however, that Petitioner has shown that the admission of Jackson's testimony violated the Sixth Amendment, he has not

---

* Bill Lockyer, is substituted for his predecessor, Daniel E. Lungren, as Attorney General of the State of California. Fed. R.App. P. 43(c)(2).

shown that it had a "substantial and injurious effect" on the outcome of the case. *See Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Given the other evidence introduced at trial, including Petitioner's statement to Winn and Aragon that he killed the victim, his admitted sexual fantasies about the victim and the fact that he had touched her sexually several times before, evidence indicating that Petitioner's pliers were in the victim's bedroom, and Petitioner's lie about when he and the victim were in the laundry room, any error was harmless.

AFFIRMED.

---

* The Honorable Morton I. Greenberg, United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.